7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Mary M. DAVIS, Social Security No. lrm-cw-itfy Appellant,
v.
Donna E. SHALALA, Secretary of the Department of Health and
Human Services, Appellee.
 No. 93-1229.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 14, 1993.
Filed: October 14, 1993.
 
 Before MAGILL, Circuit Judge, LAY and BRIGHT, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant, Mary M. Davis (Davis), appeals the district court's[1] judgment affirming the Secretary of Health and Human Services' decision denying disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and Supplemental Security Income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1383. The final decision of the Secretary of Health and Human Services (the Secretary) must be supported by substantial evidence in the record as a whole. Wilson v. Sullivan, 886 F.2d 172, 175 (8th Cir. 1989). Because we find that the Secretary's decision is supported by such evidence, we affirm.
 
 
 2
 Davis applied for disability benefits based upon her inability to engage in substantial gainful activity. Her application for benefits was denied because she failed to establish that she had an impairment or combination of impairments which significantly affected her ability to do any work existing in significant numbers in the national economy.
 
 
 3
 Davis reports that she has been unable to work due to numbness and tingling in her hands related to bilateral carpal tunnel syndrome, dizziness diagnosed as benign positional vertigo, and arm pain. The combination of these impairments does not meet or equal the criteria of any listed impairment; hence, disability as it is defined by both Title II and Title XVI cannot be determined on the medical facts alone. 20 C.F.R. §§ 404.1520(d), 416.920(d) (1993).
 
 
 4
 The Secretary found that Davis could not return to her past relevant work. However, Davis had sufficient residual functional capacity and transferrable skills to find employment in the national economy. Davis now challenges the basis of the Secretary's findings because the Secretary did not fully accept Davis's treating physician's opinion regarding her disability status. Further, the Secretary did not accept Davis's assessment of her limitations.
 
 
 5
 A treating physician's opinion is entitled to substantial weight. Fleshman v. Sullivan, 933 F.2d 674, 676 (8th Cir. 1991). Nevertheless, if the treating physician's opinion is unsupported by medically acceptable data, the Secretary may reasonably accord it little weight. Id. Here, Davis's treating physician stated that she was unable to grasp or carry anything in her hands, and he further found that she was disabled by severe degenerative joint disease. The medical data did not support these findings. Thus, the Secretary could properly give little weight to the physician's opinion.
 
 
 6
 When the Secretary makes a determination regarding medical disability related to pain, the claimant's subjective complaints must be accorded full consideration. Polaski v. Heckler, 751 F.2d 943, 948 (8th Cir. 1984). The Secretary, however, is permitted to discount the claimant's subjective complaints or symptoms when there are inconsistencies in the record as a whole. Id. The Secretary properly considered Davis's daily activities; the duration, frequency, and severity of her pain; precipitating and aggravating factors; the dosage, effectiveness, and side effects of her medication; and her functional restrictions. See id. at 949. After full consideration of these factors, the Secretary nevertheless found that Davis's testimony regarding her limitations did not comport with the record as a whole. Thus, the Secretary could properly disregard her testimony.
 
 
 7
 The Secretary found that Davis, a former nurse's aid, therapy aide, housekeeping supervisor, and riveting machine operator, cannot perform her past relevant work due to her medical impairments. Based upon Davis's age, education, residual functional capacity, and previous work experience, the vocational expert testified that Davis could perform other positions in the national economy. Hence, after a careful examination of the record, we find that the decision of the Secretary denying Davis disability benefits is supported by substantial evidence in the record as a whole.
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa